IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNIFER RAY MUMPHREY, #2249129 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv040 |
| BRENDAN W. GUY | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Johnifer Ray Mumphrey, an inmate confined at the Telford Unit within the Texas prison system proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Complaint**

Mumphrey is suing Assistant District Attorney Brendan W. Guy. He maintains that Defendant Guy "denied [him] of due process and due course of law to a[n] evidentiary hearing by falsifying the records," (Dkt. #1, pg. 3). Specifically, he argues that he filed his state habeas application in May 2020, which the State responded to on May 14, 2020. He states that the Texas Court of Criminal Appeals dismissed his habeas application, without a written order; after performing additional research, Plaintiff explains that he contacted the Gregg County 124th Judicial District, where an evidentiary hearing supposedly took place.

However, he discovered that no evidentiary hearing occurred in the month of May 2020—showing that Defendant Guy "submitted this falsified records to the District Clerk" and "had him

1

mail it to the Courts of Criminal Appeals," (Dkt. #1, pg. 5). Mumphrey seeks "injunctions" against Defendant Guy and to be present at any evidentiary hearing on any writ he files.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed

factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

**III. Discussion and Analysis**

Mumphrey's lawsuit fails to state a claim upon which relief may be granted. He has not shown that he is entitled to any type of injunction. A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest. *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012). Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *See Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award." *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of

irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

Finally, principles of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state or local agencies; the Supreme Court has stated that correctional administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain internal security. *See Block v. Rutherford*, 468 U.S. 576, 584-85 (1984). Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)). In other words, federal courts do not micromanage prison operations save exceptional circumstances.

For a permanent injunction to issue, a plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *See Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 847 (5th Cir. 2004) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) (recognizing that the standard for a permanent injunction is essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success)).

Here, Mumphrey has not shown that he entitled to any type of injunction. He states that "after further research," he discovered that an evidentiary hearing supposedly took place on May

13, 2020, but when he asked Tina Campbell, CSR, she replied that no evidentiary hearing occurred. He maintains that Defendant Guy falsified records. While there was no evidentiary hearing, Mumphrey fails to connect Defendant Guy to a constitutional violation. The Fifth Circuit has held that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

Furthermore, Mumphrey's own attachments show that the Texas Court of Criminal Appeals dismissed his habeas petition as a subsequent writ, demonstrating that any "falsified" record concerning an evidentiary hearing is irrelevant. Mumphrey's complaint does not suggest that anyone articulated that there would be an evidentiary hearing—and the lengthy docket in his criminal case demonstrates that while Mumphrey filed many habeas applications, the docket is devoid of any orders for an evidentiary hearing. In these ways, Mumphrey failed to show that he has any likelihood of success or any actual success on the merits of his claim. Because Mumphrey failed to satisfy one of the essential elements, the Court declines to address the remaining elements. His lawsuit should be dismissed.

Traditionally, district courts are required to permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Here, a review of Mumphrey's initial complaint—where he sues one Defendant for injunctive relief—shows that any attempt to amend this claim against this Defendant, on this sole

issue, would still result in the same analysis and conclusion. Therefore, the Court declines to afford Mumphrey an opportunity to amend this complaint.

## RECOMMENDATION

For these reasons, it is recommended that the above-styled civil action be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 19th day of April, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE